# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Danial Garvey, et al.,

          Plaintiffs

v.

Matthew Donaldson, et al.,

          Defendants

Case No: 2:26-cv-01049-CDS-MDC

**Order Granting Plaintiffs'
Motion for Recusal and Motion to Seal**

[ECF Nos. 12, 13]

Plaintiffs Danial Garvey, Michael Martinez, Arturo Medina, Oscar Monzon, Francisco Ortiz, and Christian Rocha move to recuse the undersigned from this action pursuant to 28 U.S.C. § 455, which provides that a judge of the United States shall disqualify herself from a proceeding in which her impartiality might reasonably be questioned. *See* ECF No. 12.[1] That statute further provides that a judge shall disqualify herself when she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Thus, under § 455, recusal of a federal judge is appropriate for either actual bias or appearance of bias if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman*, 987 F.2d at 626; *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991); *Herrington v. Sonoma Cnty.*, 834 F.2d 1488, 1502 (9th Cir. 1987). In this context, the "reasonable person" is not someone who is

---

[1] The plaintiffs also seek to file under seal Exhibit 1 to their motion requesting recusal, arguing that good cause exists under *Kamakana v. City & County of Honolulu* because the document is defendant Benjamin McDonald's employment performance review. ECF No. 13; 447 F.3d 1172, 1178 (9th Cir. 2006). Although sealing documents interferes with the public's right "to inspect and copy public records and documents, including judicial records and documents," I find that the requisite showing of good cause has been made to seal the one-page employment record. *Kamakana*, 447 F.3d at 1178 (applying "good cause" standard to motions to seal documents attached to non-dispositive motions). An employee's personnel records and employment information are protected by the constitutional right to privacy. *Seals v. Mitchell*, 2011 WL 1233650, at *3 (N.D. Cal. Mar. 30, 2011) (granting motion to seal employment and personnel records because of a need for confidentiality).

"hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (citations omitted). This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Id.* (citation omitted). "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres v. Chrysler Fin. Co.*, 2007 WL 3165665, at *2 (N.D. Cal. Oct. 25, 2007) (citing *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021–22 (N.D. Cal. 2001)).

Based on the information set forth herein, I find the plaintiffs have met their burden demonstrating recusal is appropriate. However, for transparency, the court notes that the undersigned did not indict the members of the Mongols motorcycle club in case number 2:16-cv-00265-GMN-CWH. Rather, Operation Pure Luck involved members of the Vagos motorcycle club. Further, the undersigned did not supervise former AUSA Jaroch in 2017.[2] Nonetheless, while this court harbors no personal animus or bias against the plaintiffs or motorcycle club members, the court grants the motion pursuant to § 455 in an abundance of caution.

## II.   Conclusion

IT IS HEREBY ORDERED that plaintiffs' motion for recusal **[ECF No. 12]** and motion file under seal **[ECF No. 13] are GRANTED.**

The Clerk of Court is kindly instructed to maintain the seal on ECF No. 13 and randomly reassign this case to another district judge.

Dated: May 15, 2026

_____
Cristina D. Silva
United States District Judge

---

[2] Former AUSA Jaroch was assigned to a different division and supervisor than the undersigned in 2017. The undersigned did not become chief of the criminal division at the U.S. Attorney's Office for the District of Nevada until March of 2018, after the indictment in the Cisneros case had been dismissed.

2