**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Danial Garvey, *et al.*,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Matthew Donaldson, *et al.*,<br><br>                    Defendants. | Case No. 2:26-cv-01049-JAD-MDC<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY (ECF NO. 16)** |

The Court has reviewed defendants' *Motion to Stay Discovery* ("Motion") (ECF No. 16) and **GRANTS** the Motion for the reasons below.

## I.    BACKGROUND

This is a Section 1983 case removed from state court. *ECF No. 1*. Defendants filed this Motion following the filing of their *Motion to Dismiss* ("Dismiss Motion") (ECF No. 3) plaintiffs' Complaint in its entirety. *ECF No. 16*; *see generally ECF No. 3*. Plaintiffs oppose the Motion. *ECF No. 18*. Defendants filed a Reply addressing plaintiffs' Opposition. *ECF No. 19*.

## II.    LEGAL STANDARD

### A.    The Court Has Inherent Discretion to Control Discovery

Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every

action.'" *Tradebay*, 278 F.R.D. at 602 (quoting Fed. R. Civ. P. 1). Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

### B.      The Pragmatic Approach

The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-cv-00382-GMN-MDC, 2024 WL 2302151, at *2-3 (D. Nev. May 21, 2024)*. The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id.*, at *2

## III.    STAYING DISCOVERY IS APPROPIATE UNDER THE PRAGMATIC APPROACH

### A.      Discovery is Not Needed to Respond to the Pending Dismiss Motion

Defendants argue that the Dismiss Motion can be decided without further discovery. *ECF No. 16*. Plaintiffs do not dispute that discovery is needed to respond to the Dismiss Motion. Instead, plaintiffs generally argue that discovery should forward in this case so that they can "at a minimum" depose defendants "Lee, Brathor, McMahill, Baruch, Bassett, Kahapea, Soprenson, Schmidt, and Bikle." *ECF No. 18* at 3. The Court finds that plaintiff's argument for discovery goes to the merits of his claims and not the sufficiency of his Complaint to survive dismissal, which is the issue relative to the Dismiss Motion. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (In evaluating a motion to dismiss, courts accept all well-pleaded facts as true and construe them in the light most favorable to the plaintiff.).

Therefore altogether, the Court agrees with defendants that the Dismiss Motion can be adjudicated without discovery.

### B.      Good Cause Exists to Stay Discovery

Defendants have also shown good cause to stay discovery. They argue that discovery will result in "costly and burdensome" for them given the number of parties involved "whom could be deposed and subject to written discovery requests, if discovery proceeds." *ECF No. 16* at 5-6. Defendants also argue

that plaintiffs will not be prejudiced from a stay and that defendants' qualified immunity claims in the Dismiss Motion should be adjudicated before discovery can proceed. *Id.* at 6.[1] Plaintiffs dispute that defendants have shown undue burden or expense with moving forward in discovery and argue that they would be prejudiced by a stay. *ECF No. 18* at 2-3.

Defendants have shown that they would suffer undue burden and expense if discovery was not stayed in this case, especially as their pending Dismiss Motion seeks to dismiss plaintiffs' Complaint in its entirety. *See Free Speech Found., Inc. v. Phila. Indem. Ins. Co*., No. 2:23-cv-01407-MMD-BNW, 2023 WL 11802591, at *3 (D. Nev. December 22, 2023) (the burden of showing discovery may be unduly burdensome is lower in the context of moving to stay discovery pending adjudication of a dispositive motion). Federal Rule of Civil Procedure ("Rule") 1 also provides that the federal rules should "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Plaintiffs argue that for "each and every qualified immunity claim that Defendants make in their [Dismiss Motion], there is an identical Nevada Constitution Claim [that would not be dismissed]." *ECF No. 18* at 2. However, this argument goes to the merits of the Dismiss Motion before the District Judge, which is not considered under the pragmatic approach the undersigned Magistrate Judge follows. *Aristocrat Techs., Inc.*, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). Plaintiffs were free to make this argument when they opposed the Dismiss Motion. Additionally, the Dismiss Motion may be dispositive because the Nevada constitutional claims may be remanded to state court if defendants prevail. *See ECF No. 19* at 3. Moreover, plaintiffs have already relied on discovery from a related state court case in their Complaint ("Ontiveros case"). *ECF No. 16* at 5 (citing instances where plaintiffs cited to discovery from the Ontiveros case in their Complaint). Plaintiffs have not identified any specific

---

[1] The Court does not consider defendants' arguments for good cause that relate to the preliminary peek approach. Further, other reasons exist to find good cause to grant the Motion as stated in this Order.

prejudice that they would suffer from a stay of discovery pending adjudication of the Dismiss Motion, as they would be free to conduct discovery if any of their claims survive the Dismiss Motion. Adjudicating the Dismiss Motion would also provide a clear statement of plaintiffs' claims that parties should pursue discovery on or lead to a dismissal of plaintiffs' Complaint. In this case, the objectives of Rule 1 would thus be met by staying discovery pending adjudication of the Dismiss Motion. Therefore, good cause exists to grant the Motion.

ACCORDINGLY,

**IT IS ORDERED** that defendants' *Motion to Stay Discovery* (ECF No. 16) is **GRANTED**. Discovery is stayed pending the disposition of their *Motion to Dismiss* (ECF No. 3) or further Court order, including an order on any motion to lift the stay.

DATED: July 7, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

4